WILLIAM FITZGERALD v. THE METROPOLITAN ACCIDENT ASSOCIATION OF CHICAGO, ILLINOIS, Appellant.

**Accident Insurance.**  In an action by an assignee upon a certificate of membership for the payment of a weekly indemnity in case of accidental injury to the insured, the by-laws of the defendant association are admissible in evidence to show that the plaintiff's assignor was suspended and not entitled to benefits and that the action was not brought within the time limited by the by-laws,

| 106 | 457 |
| f110 | 273 |
| 106 | 457 |
| 115 | 413 |
| 106 | 457 |
| 138 | 407 |
| 106 | 457 |
| 140 | 49 |

which are stated to be a part of the certificate, although not indorsed thereon or attached thereto and the plaintiff's assignor had no actual knowledge of their contents.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, OCTOBER 19, 1898.

THIS action is to recover upon a certificate of membership issued by the defendant to plaintiff's assignor for the payment of certain weekly indemnity in case of accidental injuries sustained by the assured. The defendant set up as a defense that the assured had forfeited his membership by failure to pay the expenses on his certificate which were due September 9, 1894, at the time they were due and payable, and that the action is barred by the limitation contained in its by-laws. At the close of the testimony the court instructed the jury to find for the plaintiff in the sum of seventy dollars, and entered judgment on the verdict. The amount in controversy being less than one hundred dollars, the court granted a certificate as authorized by section 4402 of McClain's Code, upon which the defendant appeals.—*Reversed.*

*Rothrock & Grimm* for appellant.

*John M. Redmond* for appellee.

GIVEN, J.—I. The questions certified are stated as follows: *First.* Whether the provisions of the certificate of membership, stating that the by-laws of the association are made a part thereof, is sufficient to authorize the introduct' n of said by-laws in evidence in behalf of the defendant and on the trial for the purpose of showing the plaintiff's assignor had been suspended from membership at the time he received his injury, and that, under said by-laws, he was therefore not entitled to any benefits under his said certificate of membership, a copy of said by-laws not being attached to or indorsed on said certificate; the evidence failing to show any knowledge

or notice to plaintiff of the plan of insurance or of any of the defendant company's by-laws prior to the time of filing its said answer, except such knowledge or notice as was given him by the certificate itself.  *Second.*  Whether the provisions of said by-laws with reference to the time within which action for the recovery of indemnity or benefits shall be commenced were admissible in evidence for the purpose of showing that the suit was not commenced within the time provided and limited by the said by-laws, a copy of the said by-laws not being attached to or indorsed on said certificate of membership; the evidence failing to show any knowledge or notice to said plaintiff of the plan of insurance or any of the defendant company's by-laws prior to the time of filing its said answer, except such knowledge or notice as was given him by the certificate itself.

It is the law that members of mutual associations are bound to take notice of, and be governed by, its by-laws.  See *Simeral v. Insurance Co.,* 18 Iowa, 319 ; *Coles v. Insurance Co.,* 18 Iowa, 425 ; *Walsh v. Insurance Co.,* 30 Iowa, 133. It is also the law that, where the contract of insurance makes by-laws adopted after the making of the contract a part of the contract, the insured is bound to take notice of them and be governed thereby.  *Hobbs v. Association,* 82 Iowa, 107.

Appellee's objection to appellant's offer of an authenticated copy of its by-laws in evidence seems to have been sustained for two reasons:  *First,* because no copy of the by-laws was attached to or indorsed on the certificate; and, *second,* because the evidence failed to show knowledge on the part of the assured of the plan of insurance or of the by-laws prior to the filing of the answer herein.

Section 2, chapter 211, Acts Eighteenth General Assembly, provided that all insurance companies should, upon the issuing of the policy, "attach to such policy, or indorse thereon, a true copy of any application or representations of the assured, which, by the terms of such policy, are made a part thereof, or, of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such

policy." It was further provided that an omission so to do should preclude the company or association "from pleading, alleging or proving such application or representations, or any part thereof, or falsity thereof, or any part thereof, in any action upon such policy." It is the application or representations of the assured only that are required to be attached to, or indorsed upon, the policy. This is made plain by the restriction placed upon the company or association as to its allegations and proofs. If it omits to attach or indorse the application or representations of the assured on the policy, it is precluded from alleging or proving such application or representations.

We are not referred to any authority which required the appellant to attach or indorse its by-laws upon this certificate. The assured must be held to have had whatever knowledge this certificate imparted. The first paragraph thereof recites "that Marion Snyder is entitled to a benefit in the event of personal bodily injuries effected, while a member of this association, through external, violent, and purely accidental causes;" and he is spoken of throughout the certificate as a member of the association. This, and the provisions of the certificate generally, are such as to show that the certificate was upon the mutual plan, and the appellant a mutual association.

The certificate of membership contains the following: "The consideration of this insurance is, and shall be, the warranties and agreements contained in the application therefor, which, with the by-laws of this association now in force or hereafter enacted by the members of this association, are made a part thereof, and the payment, when due, of the various calls which may have been made thereon." By this the assured was not only informed that there were by-laws, but also that they were made a part of the contract. He was not only bound by the law, as a member of this mutual association, to take notice of its by-laws, and be governed thereby, but he was also bound by his contract; and, being thus bound, it cannot be said that the evidence fails to show any knowledge or notice to the assured of the plan of insurance or of the

by-laws. We think the provisions of the certificate are suffi-
cient to authorize the introduction of the by-laws in evidence.
The defendant was entitled to have in evidence the provisions
of the by-laws as to the time that payments were required to
be made upon this certificate, and the time within which
action could be brought thereon. What we have said as to the
first question certified fully answers the second, and leads to
the conclusion that both must be answered in the affirmative.
REVERSED.