ELIZABETH TEBO v. SUPREME COUNCIL OF ROYAL ARCANUM.[1]

February 13, 1903.

Nos. 13,320—(254).

**Insurance—Amendment of Rules—Notice to Insured.**

The plaintiff is the beneficiary named in a benefit certificate issued by the defendant to the insured, her son. When he became a member of the order he agreed, by his application and certificate, to be bound by its rules and regulations then existing and those thereafter to be enacted. When he accepted his certificate, he had the right to engage in the occupation of a freight brakeman. Thereafter the defendant amended its by-laws to the effect that, if any member should enter upon or be engaged in the occupation of a freight brakeman, he should thereby forfeit his membership and certificate. No provision was made for notice of the change to pre-existing members. The insured never had any notice thereof, and after it went into effect he became a freight brakeman, and was killed in the discharge of his duties as such. This is an action upon the certificate. *Held*, following Thibert v. Supreme Lodge, 78 Minn. 448, that the amendment was unreasonable and void as to the insured.

[1] Reported in 93 N. W. 513.

Appeal by plaintiff from an order of the district court for Ramsey county, Jaggard, J., denying a motion for a new trial. Reversed.

*James E. Trask*, for appellant.

Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past, must be presumed, out of respect to the legislature, to be intended not to have a retrospective operation. Endlich, Interp. St. § 273; Wist v. Grand Lodge, 22 Ore. 271; Sedgwick, Const. St. 160; Bartruff v. Remey, 15 Iowa, 257; President v. Copeland, 7 Allen, 139; Sutherland, St. Const. § 206; Benton v. Brotherhood, 146 Ill. 571; Northwestern v. Wanner, 24 Ill. App. 357. Tebo not only had no notice or knowledge of the alleged amendment, but it was absolutely void as to him because it was passed, or attempted to be enacted, outside of the jurisdiction of the laws of Massachusetts and beyond the bounds of the sovereignty of the laws of the United States; and for the further reason that Tebo was not in attendance upon, or represented at, the meeting in Montreal where the alleged amendment is claimed to have been enacted. Miller v. Ewer, 27 Me. 509; Hilles v. Parrish, 14 N. J. Eq. 380; Franco-Texan v. Laigle, 59 Tex. 343; 1 Thompson, Corp. § 694.

It is well settled that provisions for forfeiture without notice are void. People v. Mechanics, 22 Mich. 86; Commonwealth v. German, 15 Pa. St. 251; People v. Fire Department, 31 Mich. 458; Thibert v. Supreme Lodge, 78 Minn. 456. If subsequent amendments declaring forfeitures cannot be upheld as general policy regulations equally applicable to all members, they must be held void as impairing vested rights and as unreasonable and oppressive. Smith v. Supreme Lodge, 83 Mo. App. 512. A by-law must be general in its character and apply to all members alike. If invalid as to one member it is invalid as to all. A member cannot be subject to any conditions which do not apply to all alike. If part of a by-law is void, and the whole forms an entirety so that the part which is void influences the whole, the entire by-law is

void. Niblack, Ben. Soc. §§ 17, 23 and 26; Bacon, Ben. Soc. § 85; Ebert v. Mutual Reserve F. L. Assn., 81 Minn. 116. Except in those cases in which the subsequent amendments were applicable to all members as policy regulations in the interest of discipline and the general welfare of the associations, the courts have uniformly either held such amendments invalid or limited their application to future contracts. Wist v. Grand Lodge, supra; Smith v. Supreme Lodge, supra; Becker v. Farmers, 48 Mich. 610; Knights T. & M. L. Ind. Co. v. Jarman, 104 Fed. 638; Hale v. Equitable, 168 Pa. St. 377; Grand Lodge v. Sater, 44 Mo. App. 445; Starling v. Supreme Council, 108 Mich. 440. It is a universal and inflexible rule that forfeitures are looked upon with ill favor and that they will be enforced only when the strict letter of the contract requires it. Western C. T. Assn. v. Smith, 85 Fed. 401; Siebert v. Supreme Council, 23 Mo. App. 268; Ballou v. Gile, 50 Wis. 614; Supreme Lodge v. Schmidt, 98 Ind. 374; Bacon, Ben. Soc. § 247.

A denial of liability on the ground of forfeiture without returning premium paid is of no effect. German-American v. Evants, 25 Tex. Civ. App. 300, 61 S. W. 536. Although the collection of the premium without notice of the alleged breach would not constitute a waiver, the retention of the premiums with such notice did constitute a waiver. Schreiber v. German-American Hail Ins. Co., 43 Minn. 367; Johnson v. Southern, 79 Ky. 403; Wiberg v. Minnesota S. R. Assn., 73 Minn. 297; Mee v. Bankers, 69 Minn. 210; Gandy v. Orient, 52 So. C. 225; Chicago v. Warner, 80 Ill. 410; Erdmann v. Mutual, 44 Wis. 376; Joliffe v. Madison, 39 Wis. 111; Underwood v. Iowa, 66 Iowa, 134; Shea v. Massachusetts, 160 Mass. 289; Home v. Riel, 1 Monaghan, 615; Fishbeck v. Phenix, 54 Cal. 422; Harris v. Equitable, 64 N. Y. 196; Flannigan v. Prudential, 20 Misc. 539. Assuming that the amendment was valid, still the relaxation of its unjust and oppressive provisions so as to give a member the full benefit of the insurance he had bought and paid for was intra vires under the constitution and laws of the order, and it was competent for the association to waive the conditions of the alleged amendment. Wiberg v. Minnesota S. R. Assn., supra; Davidson v. Old People's Mut. Ben. Soc., 39 Minn. 303; Morrison v. Wisconsin, 59 Wis. 162; Watts v. Equitable, 111 Iowa, 90; Home v. Kuhlman, 58

Neb. 488. Admitting that defendant did not know that Tebo had become a freight brakeman when it received payment of his last assessments and dues, still the acceptance and retention of the dues and assessments would be evidence of a waiver; for, if defendant did not know when he paid the assessments that Tebo was a freight brakeman, it was by reason of its own mistake or fault, and not the mistake or fault of Tebo, whom, although he had no notice of the alleged amendment, had given the collector such information as would lead to a full knowledge of all the facts. Both Tebo and the plaintiff, by the conduct of the defendant, were induced to rely upon the validity of the insurance, and, as defendant ought to have known, or might have known, all the facts, so far as the insured and his beneficiary are concerned the acceptance of the assessments was a waiver. Union v. Provident, 79 Mo. App. 362; Life Ins. Clearing Co. v. Bullock, 91 Fed. 487; Northwestern v. Freeman, 19 Tex. Civ. App. 632; Supreme Tent v. Volkert, 25 Ind. App. 627; Steinbach v. Prudential, 62 App. Div. 133; Supreme Court v. Sullivan, 26 Ind. App. 60; Modern Woodmen v. Coleman (Neb.) 89 N. W. 641; Tobin v. Western, 72 Iowa, 261; Bailey v. Mutual, 71 Iowa, 689; Scott v. Edes, 3 Minn. 271 (377); Bank v. Puget, 20 Wash. 636; Flannigan v. Prudential, supra; Supreme Lodge v. Turner, 19 Tex. Civ. App. 346; Gray v. National, 111 Ind. 531; Boulder v. Lower Boulder, 22 Colo. 115; Deering Harvester Co. v. Donovan, 82 Minn. 162.

*Philip Gilbert* and *Harris Richardson*, for respondent.

The laws of the state, the application for membership, the benefit certificate issued by the defendant, and the constitution, laws, rules and regulations of the order, as they may be amended and changed from time to time, constitute the contract between the members. Ebert v. Mutual Reserve F. L. Assn., 81 Minn. 116; Hughes v. Wisconsin, 98 Wis. 292; Langnecker v. Trustees, 111 Wis. 279; Goett v. Grand Lodge, 32 Misc. 528; Thibert v. Supreme Lodge, 78 Minn. 448; Loeffler v. Modern Woodmen, 100 Wis. 79; Schmidt v. Supreme Tent, 97 Wis. 528; Wuerfler v. Trustees (Wis.) 92 N. W. 433; Engelhardt v. Fifth Ward, 148 N. Y. 281; Moerschbaecher v. Supreme Council, 188 Ill. 9; Supreme Lodge v. Trebbe,

179 Ill. 348; Ellerbe v. Faust, 119 Mo. 653; Supreme Commandery v. Ainsworth, 71 Ala. 436; Daughtry v. Knights, 48 La. An. 1203; Bowie v. Grand Lodge, 99 Cal. 392; Stohr v. San Francisco, 82 Cal. 557; Bogards v. Farmers, 79 Mich. 440; Hobbs v. Iowa, 82 Iowa, 107; Chambers v. Supreme Tent, 200 Pa. St. 244; Pain v. Société, 172 Mass. 319; Messer v. Grand Lodge, 180 Mass. 321; Supreme Lodge v. Knight, 117 Ind. 489; Farmers v. Kinney (Neb.) 90 N. W. 926; Lloyd v. Supreme Lodge, 98 Fed. 66.

In addition to the cases heretofore cited, there are many other cases, both in the same jurisdictions and in other states, all sustaining the principle for which we contend, and indicating that the by-law now under consideration is a reasonable and just by-law and a proper restriction on the rights of the members. Among these cases are: Fugure v. Mutual Society, 46 Vt. 362; Duer v. Supreme Council, 21 Tex. Civ. App. 493; McCabe v. Father Matthew, 24 Hun, 149; Pease v. Supreme Assembly, 176 Mass. 506; Supreme Council v. Morrison, 16 R. I. 468; Supreme Council v. Adams, 68 N. H. 236. Tebo is, as a matter of law, conclusively presumed to have known of the amendments. Supreme Lodge v. Knight, supra; Goett v. Grand Lodge, supra.

In order that there may be a waiver, the party who is alleged to have made a waiver must have had, at the time of the waiver, full and complete knowledge of all the facts, and the party in whose favor it is alleged the waiver was made must have depended upon and acted in reliance on the waiver. Neither of these elements exist in the present case. Lyon v. Supreme Assembly, 153 Mass. 83; Thompson v. Travelers (N. D.) 91 N. W. 75.

START, C. J.

Action to recover $1,000, the amount of a benefit certificate issued May 8, 1900, by the defendant to Earl Charles Tebo, hereafter designated as the "insured," payable out of its widows' and orphans' benefit fund to his mother, the plaintiff, upon his death. The organization and purposes of the defendant are stated in Bost v. Supreme Council of Royal Arcanum, 87 Minn. 417, 92 N. W. 337. On the trial of the action, and at the close of the evidence, the trial judge directed a verdict for the defendant, and the plaintiff appeals from an order denying her motion for a new trial.

The evidence was practically undisputed, and established these facts: In his application for membership the insured agreed, among other things, for himself and his beneficiary, as follows:

"I will, and they shall, conform to and be bound by the constitution, laws, rules, and usages of said council and order now in force or which may hereafter be adopted by the same."

It was also stipulated in his certificate, as a condition to any right thereunder by him or his beneficiary, that he would comply with the

"Laws, rules, and regulations now governing the said council and fund, or that may hereafter be enacted by the supreme council to govern said council and fund";

and, further, that, to entitle the beneficiary to any payment thereunder, the insured must have been a member in good standing at the time of his death. Attached to and made a part of his application for membership was the following statement:

"Extra-Hazardous Risks,
WHICH MUST BE REFERRED TO THE MEDICAL EXAMINER IN
CHIEF.

Applicants employed  *  *  *
5. In railroading, if employed on freight cars, coal trains, and driller, shifting, or yard engines.  *  *  *
The above classes  *  *  *  should be referred by the state medical examiner to the medical examiner in chief, not as applicants who are necessarily to be rejected, but because they must show to his satisfaction that their manner of life will not expose them to constant danger of fatal accident or disease."

There was, however, on May 8, 1900, when the certificate was issued, no rule or by-law of the defendant which prohibited the insured from changing his occupation and engaging in the work of a railway freight brakeman, or that in any manner affected his membership in the order, or his certificate, if he did so. Afterwards the by-laws of the defendant as to proscribed occupations were amended, to take effect August 1, 1900, the here material provisions of which, as amended, are these:

"Sec. 272. Application shall not be received from the following

classes of persons: * * * 5. Freight brakemen, common section hand, switchmen, car coupler in large yards. * * *

"Sec. 272. (a) A member who, during the first five years of his membership, shall enter upon or become engaged in a proscribed occupation, shall thereby and thereupon stand suspended from all rights and privileges in the order, cease to be in good standing, forfeit all the rights and privileges of membership and in his benefit certificate, which shall be void, and he shall be recorded as having voluntarily withdrawn from the order, and no assessments or dues shall be received from him."

No provision was made for notice of the amendment to be given to pre-existing members and certificate holders of the defendant, and no evidence was offered on the trial of this action tending to show that the insured ever had in fact any notice of such amendment, except that the secretary of the subordinate council to which he belonged testified that he received, as such secretary, printed copies of the amendment either before, on, or after the date August 1, 1900, when it went into effect, and thereafter kept them in his possession for use and inspection.

On May 8, 1900, when the certificate was issued to the insured, he was a clerk in a railroad office, and so continued to be until June, 1901, when he changed his occupation to that of a railroad freight brakeman. He paid his assessments for the month of June, July, and August, on or about August 15, 1901, to the collector of his subordinate council, and then told him that he had become a railroad brakeman, but did not state that he was a freight brakeman. He was accidentally killed on August 20, 1901, while discharging his duties as such brakeman. Due proofs of his death, in which the cause and manner thereof were stated, were made, which were received by the defendant. The money paid by the insured for such assessments was also forwarded to and received by the defendant. It has never returned or offered to return the money, or any part thereof.

It is obvious from the facts we have stated that it cannot be held as a question of law that the insured had notice in fact of the change in the by-laws of the defendant as to proscribed occupations. The question presented by these facts for our decision is whether the trial court erred in directing a verdict for the defendant.

The first and most important contention of the plaintiff is that it was error so to instruct the jury because the amendment in question is arbitrary and void, if it is to be construed so as to give it a retrospective effect, and make its penalties and forfeitures applicable to pre-existing members having no notice thereof. Whether this amendment, by its terms, applies to pre-existing members, who were actually engaged in one of the prohibited occupations at the time it took effect, or whether, if it be so construed, it would be valid, we need not determine, for such is not this case. We are, however, of the opinion that the express language of the amendment makes it applicable to a pre-existing member, who, after it became operative, entered upon one of the prohibited occupations. The words,

"A member who  *  *  *  shall enter upon or become engaged in a proscribed occupation shall thereby and thereupon  *  *  * forfeit all the rights and privileges of membership and in his benefit certificate,"

as used in the amendment, indicate clearly that a pre-existing member who should thereafter enter upon or become engaged in any of the prohibited occupations would forfeit his benefit certificate. The insured belonged to this class. On May 8, 1900, he became a member, and received his certificate. He then had the right to engage in the occupation of a freight brakeman without incurring a forfeiture of his membership or certificate. On August 1, 1900, the amendment went into effect declaring, in case any member engaged in such occupation, a forfeiture ipso facto of membership and certificate, without any provision for notice thereof to him or any pre-existing member. In June thereafter, relying, presumably, upon the right which his certificate gave him, and without any notice at any time to the contrary, he entered upon the occupation of a freight brakeman, and thereafter paid his assessments and dues for three months, which the defendant received and retains. On August 20 he met his death in ignorance of the amendment to the by-law, which, if valid as to him, had forfeited months before the provision he had made for his mother. These facts bring the case within the terms of the amendment,

and the question is, is it valid as to the insured and his benefi-
ciary?

The insured, by his application of membership and acceptance
of his certificate, agreed to comply with and be bound by the rules
and regulations of the defendant, and those that might thereafter
be enacted by it. Counsel for the defendant claims, in effect, that
by virtue of this agreement the insured is conclusively presumed
to have known of the amendment, because he agreed unqualifiedly
to be bound by any rules and laws the defendant might make in
the future, and therefore he knew that changes in the by-laws
might be made, and he was bound to keep himself informed as to
such changes. But such agreement to be bound by any rules or
laws made in the future is subject to the implied condition that
they must be reasonable, otherwise they will be void as to pre-
existing members. Thibert v. Supreme Lodge, 78 Minn. 448, 81 N.
W. 220.

In that case the agreement in the application and certificate as
to existing laws and rules and those to be thereafter enacted was
in all essential respects the same as the agreement in this case.
In that case the insured, at the time he became a member of the
order, was entitled to written notice of the number and amount
of his assessments. The by-law to this effect was amended with-
out his knowledge or consent so that assessments were required
to be paid by a certain date without notice, and, if not paid, the
member should stand suspended, and his rights forfeited, unless
reinstated. It was held that the amendment was unreasonable,
and not binding on a pre-existing member. We are unable on
principle to distinguish the two cases. In the one case, by a
change of the by-law, the right of a pre-existing member to receive
notice of assessments was abrogated without notice to him. In
the other the right of such a member to engage in the occupation
of a freight brakeman was, by an amendment to the by-law, taken
from him without notice, and, in ignorance that such right had
been set aside, he entered upon such occupation, whereby, if the
amendment is reasonable, his membership and certificate were for-
feited without his ever knowing it. If the amendment was unrea-
sonable in the former case, it most certainly is in the latter.

It would be difficult to conceive of a change in the by-laws which would be more liable to prejudice the rights of pre-existing members without notice than the one here in question.   Unquestionably, there was no such intention on the part of the officers of the defendant in making the change here in question, but this does not alter the fact that, if the amendment is binding on pre-existing members without notice, it is well calculated to entrap them into doing an act—that is, changing their occupation—which would forfeit their certificates.   We therefore hold, following Thibert v. Supreme Lodge, supra, that the amendment to the defendant's by-laws here in question was unreasonable and void as to the insured in this case, and that the trial court erred in directing a verdict for the defendant.

Order reversed, and a new trial granted.