Clara Lovine House, Appellee, v. Modern Woodmen of America, Appellant.

**Fraternal insurance:** HAZARDOUS OCCUPATIONS: CHANGE IN BY-LAWS: EFFECT. Where a beneficial insurance association reserved the right in its certificate to subsequently exempt the association from liability

for accidents resulting from extra hazardous employment, a certificate holder was bound by the provisions of an amendment to its by-laws adding to the list of extra hazardous occupations that of an electric lineman; and there could be no recovery for his death resulting from injury in such employment, which he entered after the adoption of the amendment to the by-law.

WEAVER, J., dissenting.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

TUESDAY, APRIL 14, 1914.

ACTION upon a benefit certificate for $1,000 of insurance issued by the defendant as a fraternal beneficiary society. Plaintiff filed a demurrer to the defendant's answer, which was sustained. The defendant refusing to plead over, a judgment for plaintiff was entered as prayed. The defendant appeals.—*Reversed* and *Remanded.*

*Truman Plantz* and *Geo. C. Perrin,* and *A. N. Boeye,* for appellant.

*G. F. Tucker* and *Wesley Martin,* for appellee.

EVANS, J.—It appears from the petition that the deceased, Nathaniel G. House, became a member of the defendant association in May, 1905, and that a benefit certificate was issued to him, the effect of which was to insure his life to the extent of $1,000, subject to certain specified conditions. By the terms of the benefit certificate the defendant company reserved the right to amend "section 14 of the by-laws" and to make such amendments applicable to the certificate in question. Section 14 contained a list of hazardous occupations, and the certificate issued to the deceased exempted the society from liability for death "by accident directly traceable to employment in such hazardous occupation or from any disease directly traceable thereto."

It appears from the answer that in July, 1905, the defendant society did amend section 14 so as to include therein, as a hazardous occupation, that of an electric ''lineman,'' and so as to exempt the society from liability for death by accident traceable to such employment.  The deceased was not at that time an electric lineman, nor was he such for many years thereafter.  He entered such occupation on November 20, 1911.  This was the day of his death, and such death was ''by accident directly traceable to such employment.''  By the demurrer the plaintiff challenged the right of the defendant society to make the amendment applicable to the prior certificate issued to the deceased.  The substance of the contention in support of the demurrer was and is that to apply the amendment to the prior certificate would be to impair the obligation of the contract and to interfere with the vested right of the certificate holder, and that such amendment was for such reason unreasonable.

The point thus raised was squarely passed upon by this court in *Norton v. Catholic Order of Foresters,* 138 Iowa, 464.  The amendment involved in the cited case added to the prohibited list the occupation of switchman in railroad yards, and rendered all persons engaged in such occupation ineligible to membership.  It was held in that case that the amendment was reasonable, and therefore valid; the right of amendment having been reserved in the certificate issued.  In the case before us the eligibility of the certificate holder was not affected by the amendment.  Notwithstanding such amendment, his life was still insured, except as against accident directly traceable to the prohibited employment.  If, therefore, the amendment involved in the *Norton* case was reasonable, as applied to the previous certificate holder, still more reasonable is the amendment involved in the case at bar.  It must be said, therefore, that the *Norton* case is decisive of the case before us.  Only its overruling could save a cause of action to the plaintiff upon the certificate sued on.  Previous to the *Norton* case was *Ross v. Brotherhood of America,* 120 Iowa,

692, where an amendment to the defendant's by-laws was sustained as reasonable and as applicable to a benefit certificate issued prior to the amendment; the defendant Brotherhood having reserved the right of amendment as in the present case. Both of these cases were expressly followed in *Ury v. Modern Woodmen*, 149 Iowa, 706. These cases were apparently overlooked in the court below, and have not been referred to in appellee's brief filed here.

Appellee cites for our consideration a number of our own cases (*Hobbs v. Iowa M. B. Association*, 82 Iowa, 107, and similar cases), wherein there was no reservation of the right to amend constitution and by-laws, and wherein we held that the rights and liabilities of the certificate holder were determined by the terms of the certificate and of the constitution and by-laws as they were at the time of its issuance. Manifestly these authorities can have no application to a case wherein the right of amendment was expressly reserved in the contract of insurance. Appellee places some reliance upon the case of *Fort v. Legion of Honor*, 146 Iowa, 183, and *Elliott v. Home Mutual Hail Association*, 140 Iowa, 431. These cases furnish no support to appellee's contention.

This statement ought to be qualified, perhaps, to this extent: That there are authorities from other jurisdictions which support the appellee's contention. In the course of the various discussions in the *Fort* and *Elliott* cases, several of these authorities from other states are cited and quoted, but without reference to the particular question now before us. In the *Fort* case various amendments were involved which had the effect to materially reduce the amount of the insurance of the insured, and such amendments were held to be unreasonable and beyond the power of the defendant company. In the *Elliott* case the validity of the amendment was sustained, and the insured was held to have forfeited his insurance by his failure to comply with such amendment.

As between the decisions in different states, the question before us is involved in irreconcilable conflict. One line of

decisions denies the right of such an amendment as against previous insurance; the other recognizes the right of the defendant society to reserve the right of reasonable amendment. There is something to be plausibly said in favor of either view. In support of the rule heretofore approved by us in the cited cases, it is to be said that it makes for equality of conditions as between the entire membership of the insuring association. This reason has special force as applied to mutual and fraternal associations, wherein the same membership comprises the insurer and the insured, and wherein cost and benefit run concurrently.

As far as appears in the present case, House, as the insured, had the full benefit of the amendment in question, and thereby had exemption from any assessment and liability for the death of any other member, resulting from the prohibited employment. It is not inequitable that the benefits arising to the beneficiary under his certificate should respond to the same limitations and should be determined under the operation of the same rule that applied to the assessments against the certificate holder as a member of the insuring association.

In the case before us, it is to be noted that, when the amendment in question was adopted, the deceased was not engaged in the prohibited occupation. No question, therefore, of sudden or arbitrary forfeiture without notice is involved. If, at the time of the adoption of such amendment, the deceased had been then engaged in the employment then added to the prohibited list, a somewhat different question would be presented. This distinction was noted in the *Norton* case, and opinion was reserved thereon.

Following our previous cases as above cited, the judgment of the trial court must be reversed.—*Reversed* and *Remanded.*

LADD, C. J., and DEEMER, GAYNOR, PRESTON, and WITHROW, JJ., concur.

WEAVER, J. (dissenting).—I am disposed to withhold my assent to the foregoing opinion.

Of the cases cited as sustaining the right of the insuring company to arbitrarily make this material change in the contract of insurance, I think none goes to the extent claimed for it, unless it be *Norton v. Foresters,* 138 Iowa, 464, and, when that is read in the light of our later holdings it is not, in my judgment, controlling. Since that decision this court, on at least two occasions, while conceding the validity to a certain extent of reserved power in the insuring corporation to change its by-laws, has undertaken to define the nature of such reservations and the limit beyond which such power cannot be lawfully exercised.

In *Fort v. Legion,* 146 Iowa, 196, it is said that a general power to amend the by-laws reserved to a society does not authorize an amendment which impairs the vested rights of the members. This proposition is reaffirmed in *Elliott v. Association,* 140 Iowa, 431, where it is said that such a reservation "does not contemplate changes directly affecting the promise to the certificate holder, . . . but has reference to those affecting his duties as a member of the corporation, bound to perform his part in providing means or otherwise as one of the association of insurers." This restriction upon the exercise of the extraordinary power given one party to a contract, to arbitrarily change its terms, is so equitable, so absolutely necessary to prevent the grossest wrongs upon insured persons, that no court should for an instant relax its restraint. In my judgment the amendment in this case, if held valid, does impair the vested right of the insured and does directly affect and lessen the obligation of the defendant's promise to the certificate holder. When the deceased became a member, the contract insured him- against death sustained under any and all circumstances, save such as were by the terms of his certificate or the provisions of the by-laws specially excepted. For all losses save only such as were thus excluded from the obligation of the contract, there was a clear and un-

equivocal promise to pay the agreed indemnity or benefit. Later, after the insured had for years maintained his membership in good standing, the insurer, without his consent, so changed its by-laws and attempted to so change the contract with deceased as to relieve itself from all liability for a substantial part of the very risk against which, up to that date, it had insured him. If this is a reasonable proposition, if it does not directly and vitally affect the promise made to the certificate holder, if it does not impair the vested rights of the insured, then I confess my inability to comprehend the meaning of those terms. If the company may, without consent and without furnishing any consideration or compensation therefor, cancel the risk it assumed as to one occupation, it may do so as to another occupation, and it may continue the scaling down and narrowing process until at last the member finds the field of his allowable activities confined to his own dooryard. To me such a conclusion is the very climax of absurdity. A scheme of insurance which arms the insurer with authority to thus at pleasure throw off its contract obligations is so essentially unjust, so opposed to the fundamental principles of the law of contracts, that it ought not to receive judicial sanction or encouragement anywhere. Such is the voice of most of the authorities. See *Olson v. Court,* 100 Minn, 117 (110 N. W. 374, 8 L. R. A. [N. S.] 521, 117 Am. St. Rep. 676, 10 Ann. Cas. 622); *Wuerfler v. Trustees,* 116 Wis. 19 (92 N. W. 433, 96 Am. St. Rep. 940); *Ayers v. Lodge,* 188 N. Y. 280 (80 N. E. 1020). Our own cases of *Ross v. Brotherhood of America,* 120 Iowa, 692, and *Ury v. Woodmen,* 149 Iowa, 706, are not here in point. In the *Ross* case the amendment did no more than to define in a specific way what was meant by the phrase "a broken leg," where it occurs in a list of injuries insured against, while in the *Ury* case we expressly held that the amendment in question "did not materially alter the meaning of the original section."

It is unnecessary to pursue the subject farther at this time. The foregoing sufficiently indicates, in a general way,

the reasons which impel me to dissent from the opinion of the majority.

I would affirm the judgment below.