WALTER H. AYERS, Respondent, *v.* THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF NEW YORK, Appellant.

1. MUTUAL BENEFIT SOCIETIES — WHEN BY-LAWS AFFECTING CERTIFICATES OR POLICIES OF LIFE INSURANCE CANNOT BE AMENDED. While a " mutual benefit fraternity," or fraternal insurance society, may so amend its by-laws as to make reasonable changes in the methods of administration, the manner of conducting its business and the like, no change can be made which will deprive a member of a substantial right conferred expressly or impliedly by the contract itself. That is beyond ·

the power of the legislature as well as the association, for the obligation of every contract is protected from state interference by the' Federal Constitution. (Art. 1, § 10.)

2. WHEN BY-LAW RESTRICTING BUSINESS OR OCCUPATION OF INSURED IS VOID AS TO CERTIFICATE PREVIOUSLY ISSUED. Payment of a certificate of life insurance issued by a "mutual benefit fraternity," or society, upon which dues had been paid by the assured and accepted by the society to the time of his death, cannot be avoided upon the ground that the assured, at the time of his death, was, and for a few months prior thereto had been, engaged in the hotel business, in violation of a by-law adopted by the society, without notice to the assured, many years after his certificate was issued, prohibiting any certificate holder of the society from selling liquors at retail, and declaring the certificate of any one engaging in such business void for a violation thereof, where neither the certificate in question, or the application therefor, nor the by-laws under which the certificate was issued, contained any restriction as to the business in which the assured might engage.

3. AGREEMENT, IN APPLICATION FOR CERTIFICATE, TO OBEY ALL LAWS AND REGULATIONS ENACTED AND TO BE ENACTED, DOES NOT JUSTIFY CHANGE IN BY-LAWS AFFECTING VESTED RIGHTS. The fact that in the application, upon which the certificate was issued, the assured agreed to comply with all laws, regulations and requirements of the society which were then, or might thereafter be. enacted, there being no reservation in the by-laws of the specific right to amend them so as to restrict the occupation, or business, of the assured, did not permit an amendment in that respect without the consent of the assured, and the attempt made without his consent was beyond the power of the society and absolutely void: since the effort was not to reduce the amount of insurance, but to destroy it altogether, unless the assured would conform to a by-law passed in violation of a vested right, for the privilege, allowed because not forbidden, of engaging in any lawful business was a vested right of which the assured could not be deprived without his consent.

*Ayers* v. *Ancient Order of United Workmen,* 109 App. Div. 919, affirmed

(Argued March 14, 1907; decided April 16, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 23, 1905, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The following facts were found by the trial judge, or established without dispute: In March, 1885, one Emory D. Fuller became a member of a local lodge of the defendant, a domes-

tic corporation organized as a "mutual benefit fraternity," and a certificate was issued to him by the grand lodge, entitling him "to all the rights and privileges of membership * * * and to participate in the beneficiary fund of the Order to the amount of $2,000, which sum at his death," as it was stipulated, was "to be paid to Ann Elizabeth Fuller, his wife." The certificate further stated that it was "issued upon the express condition that said Emory D. Fuller shall in every particular while a member of said Order comply with all the laws, rules and requirements thereof." In his application for membership Mr. Fuller agreed "to strictly comply with the constitution, laws and regulations which are, or may hereafter be enacted by the Supreme, Grand or Subordinate Lodge."

Among the questions in the application blank which the applicant was required to answer was the following: "Q. Profession and occupation? State precise nature of business;" to which he answered in writing: "Moulder." He also stated in the application that "compliance on my part with all the laws, regulations and requirements which are or may be hereafter enacted by said Order is the express condition upon which I am to be entitled to participate in the beneficiary fund and have and enjoy all the other benefits and privileges of the said Order."

In April, 1903, Mrs. Fuller, the first beneficiary, died and in September following "a new beneficiary was named and a certificate issued by which the $2,000 was directed to be paid at the death of said Emory D. Fuller to Walter H. Ayers, the plaintiff herein." When Mr. Fuller joined the order there was no restriction as to business or occupation and any member might engage in selling liquor either by wholesale or retail. Between 1898 and 1902 the defendant adopted the following by-law: "Any member of the Order who shall, after March 1st, 1897, have entered, or who shall hereafter enter into the business or occupation of selling, by retail, intoxicating liquor as a beverage, shall stand suspended from any and all rights to participate in the beneficiary fund of the

Order and his beneficiary certificate shall become null and void from and after the date of his so engaging in said occupation, and no action of the lodge of which he is a member or of the Grand Lodge or any officer thereof shall be necessary or a condition precedent to any such suspension. In case any assessment shall be received from a member who has thus engaged in such occupation after March 1st, 1897, the receipt thereof shall not continue the beneficiary certificate of such member in force, nor shall it be a waiver of his so engaging in such occupation."

Previous to January 1st, 1904, the said Fuller had never engaged in the business of selling liquor, but on that day in connection with one Hanchett, his copartner, he began to carry on a hotel at Weedsport, New York, and the firm employed a bartender, who sold intoxicating liquors for them in the usual way over the bar. Said hotel was conducted by the firm under licenses duly issued, pursuant to State and Federal statutes, from January 1st, 1904, to June 28th of the same year, when Mr. Fuller died. Proofs of death were made out in due form, but the defendant refused to pay the plaintiff said sum of $2,000 or any part thereof, and now defends this action brought to recover the same on the ground that the insured ceased to be a member of the order by engaging in the business of selling intoxicating liquors at retail after the by-laws were so amended.

The trial court found as conclusions of law that Emory D. Fuller had vested rights in the certificate before the by-laws were amended; that when he joined the order he had a right to engage in the liquor traffic, and that said order, by a rule subsequently made, could not cut off that right which had become vested; that the defendant had the right to make reasonable by-laws, but said amendment, made without notice to the assured, was unreasonable, and, therefore, void as to him, that he was a member in good standing at the time of his death, and that the plaintiff was entitled to recover the amount claimed.

Upon appeal from the judgment entered upon this decision

the Appellate Division affirmed, but not unanimously, on the authority of *Evans* v. *Southern Tier Masonic Relief Assoc.* (182 N. Y. 453). The defendant appealed to this court.

*Isaac B. Barrett* for appellant. The decedent was subject to the amended law. (*Sabin* v. *Phinney*, 134 N. Y. 423; *Sanger* v. *Rothschild*, 123 N. Y. 577; *Hellenberg* v. *Dist. No. 1, I. O. B. B.*, 94 N. Y. 580; *Lahey* v. *Lahey*, 174 N. Y. 146; *Shipman* v. *Protected Home Circle*, 174 N. Y. 398; Niblock on M. B. Societies, § 166; *Alexander* v. *Parker*, 144 Ill. 355; *R. C. B. Assn.* v. *Robinson*, 147 Ill. 138; *Holland* v. *Chosen Friends*, 54 N. J. L. 490; *Poultney* v. *Bachman*, 31 Hun, 49.) The law was reasonable and with notice to the decedent. (*Langnecker* v. *A. O. United Workmen*, 111 Wis. 279; *People ex rel. Goett* v. *A. O. United Workmen*, 32 Misc. Rep. 528; *Loeffler* v. *Modern Woodmen*, 100 Wis. 79; *Moeschbacher* v. *Supreme Court*, 180 Ill. 9; *Ellerbe* v. *Faust*, 119 Mo. 653; *Lawson* v. *Hewell*, 118 Cal. 613; *Gilmore* v. *Knights of Columbus*, 77 Conn. 58.) A member can contract that his certificate of membership shall depend on his doing or failing to do a specified act, and shall become void or reinstated on his doing or failing to do or perform such act. (*Atty.-Gen.* v. *N. A. L. Ins. Co.*, 82 N. Y. 172; *Roland* v. *M. R. F. L. Assn.*, 132 N. Y. 378; *Taylor* v. *Grand Lodge*, 75 Hun, 612; 148 N. Y. 751; *Ulmer* v. *Minister*, 37 N. Y. Supp. 679; *Teeter* v. *U. L. Ins. Assn.*, 159 N. Y. 411; *McGowan* v. *C. M. B. Assn.*, 76 Hun, 534; *Rood* v. *Benef. Assn.*, 31 Fed. Rep. 62; *Ellerbe* v. *Faust*, 119 Mo. 655.) The decedent had no vested right as to occupation. (*Hellenberg* v. *Dist. No. 1, I. O. B. B.*, 94 N. Y. 580; *Sanger* v. *Rothschild*, 123 N. Y. 577; *Sabin* v. *Phinney*, 134 N. Y. 423; *Shipman* v. *Prot. H. C.*, 174 N. Y. 398; *Brown* v. *M. B. Assn.*, 33 Hun, 263; *Boasberg* v. *Cronan*, 30 N. Y. S. R. 483.)

*Seth S. Allen* for respondent. The decedent Fuller had vested rights in the contract which the defendant could not

cut off by an amended by-law. (*Kent* v. *Q. S. M. Co.*, 78 N. Y. 159; *Deuble* v. *Grand Lodge*, 66 App. Div. 323; *Carter* v. *F. M. B. Assn.*, 3 Daly, 20; *Kelly* v. *Local Union*, 75 App. Div. 245; Bacon on Benefit Societies [3d ed.], § 85; *People* v. *Grand Lodge*, 156 N. Y. 537, *Thomas* v. *Thomas*, 131 N. Y. 205; *Matter of E. R. F. L Assn.*, 131 N. Y. 369; *Wadsworth* v. *J. & T. Co.*, 132 N. Y. 540; *Shipman* v. *Protected Home Circle*, 174 N. Y. 423; *Evans* v. *M. R. Assn.*, 182 N. Y. 453.) The amendment is unreasonable, and, therefore, void, inasmuch as it provides for the expulsion of a member without notice. (Bacon on Benefit Societies [3d ed.], §§ 85, 168; *Watchel* v. *N. W. & O. Society*, 84 N. Y. 30; *People ex rel. Bartlett* v. *Medical Socy.*, 32 N. Y. 187; *Fritz* v. *Mack*, 62 How. Pr. 72; *Downing* v. *Columbia*, 10 Daly, 262; *People* v. *Musical Union*, 47 Hun, 273; *People* v. *H. T. Co.*, 14 N. Y. Supp. 76; *Yangen* v. *Krakawer*, 26 Misc. Rep. 332; *Smith* v. *Supreme Council*, 94 App. Div. 359; *Fargo* v. *Knights of Maccabees*, 96 App. Div. 495; *Bank* v. *Mudgett*, 44 N. Y. 519.)

VANN, J. This case cannot be distinguished in principle from a long line of cases decided by this court. (*Evans* v. *Masonic Relief Assoc.*, 182 N. Y. 453; *Beach* v. *Supreme Tent, Knights of Maccabees*, 177 N. Y. 100; *Langan* v. *Supreme Council, American Legion of Honor*, 174 N. Y. 266, 269; *Shipman* v. *Protected Home Circle*, Id. 398; *Weber* v. *Supreme Tent, Knights of Maccabees*, 172 N. Y. 490; *Deuble* v. *Grand Lodge, Ancient Order of United Workmen*, 66 App. Div. 323, 327; 172 N. Y. 665; *Parish* v. *New York Produce Exchange*, 169 N. Y. 48; *Engelhardt* v. *Fifth Ward P. D. S. & Loan Assoc.*, 148 N. Y. 281, 297; *Matthews* v. *Associated Press*, 136 N. Y. 333, 342; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159.)

It is well established by these authorities " that a general power reserved either by statute or by the constitution of a society to amend its by-laws does not authorize an amendment impairing the vested rights of members."

An amendment of by-laws which form part of a contract is an amendment of the contract itself and when such a power is reserved in general terms the parties do not mean, as the courts hold, that the contract is subject to change in any essential particular at the election of the one in whose favor the reservation is made. It would be not reasonable and hence not within their contemplation, at least in the absence of stipulations clearly specifying the subjects to be affected, that one party should have the right to make a radical change in the contract, or one that would reduce its pecuniary value to the other. A contract which authorizes one party to change it in any respect that he chooses would in effect be binding upon the other party only and would leave him at the mercy of the former, and we have said that human language is not strong enough to place a person in that situation. (*Industrial & General Trust, Limited,* v. *Tod,* 180 N. Y. 215, 225.)

While the defendant may doubtless so amend its by-laws, for instance, as to make reasonable changes in the methods of administration, the manner of conducting its business and the like, no change can be made which will deprive a member of a substantial right conferred expressly or impliedly by the contract itself. That is beyond the power of the legislature as well as the association, for the obligation of every contract is protected from state interference by the Federal Constitution. (Art. 1, § 10.)

The defendant promised by the contract which it made with the assured to pay to the beneficiary designated by him upon his death the sum of $2,000. The obligation of that contract was not limited by the occupation of the assured, for in the absence of any restriction made by the parties he had an absolute right to engage in any lawful business that he might select. After this contract had been in force for more than twelve years and he had paid all the assessments as they became due and had complied with all the rules and regulations of the defendant, an attempt was made to restrict him in the choice of an avocation by amending the by-laws to that

effect without his consent.    When he had been insured for over nineteen years and had reached an age when other insurance could not be procured without a decided increase in cost, and perhaps not at all, he engaged in a new business requir-, ing less strength and activity and died within a few months thereafter.    He continued to pay his dues after he made the change, and, as the trial court expressly found, the duly authorized officer of the defendant knew when he received such dues that the insured " was engaged in the hotel business."    The amended by-law, if enforced according to its terms, would deprive him of a right which he acquired by contract nearly twenty years before, and which he had preserved by paying to the defendant substantial sums of money every year during that period.    The reservation of a general power to amend the by-laws, without reserving the specific right to so amend them as to restrict the occupation, did not permit an amendment in that respect, and the attempt made without the consent of the assured was beyond the power of the defendant and absolutely void as to him.

The effort was not to reduce the amount of insurance, but to destroy it altogether, unless the assured would conform to a by-law passed in violation of a vested right, for the privilege, allowed because not forbidden, of engaging in any lawful business was a vested right.    It was an immediate right, open to enjoyment at all times during the existence of the contract, which the insured paid for when he joined the association, as well as every time he met an assessment.    It was a natural right, of which he could not be deprived without his consent, and he never consented.    It was a right which had pecuniary value, for it left the door open to change of employment by which more money could be made.    The assured was not obliged to continue at manual labor all his life, but when he had acquired capital enough to go into business and employ others to work for him, he had the right to do so, and the right was obviously of such value as to constitute a vested right, within the meaning of that term as known to the law.

We think that the amendment as made was without effect

upon the contract, and that the promise of the defendant to pay the sum of $2,000 was in full force at the death of the assured.    While a different rule prevails in some states, the law in the state where the defendant was organized does not permit, as to existing contracts, such an amendment of its by-laws as it now pleads to defeat this action.

The judgment appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur ; CHASE, J., not sitting.

Judgment affirmed.