MICHAEL GIENTY, Plaintiff, v. THE KNIGHTS OF COLUMBUS,
Defendant.

(Supreme Court, Orange Trial Term, June, 1907.)

Fraternal and mutual benefit associations: Insurance contract — Con-
stitution and by-laws of association as part of contract — Amend-
ments; Forfeiture, suspension or resignation — Waiver of forfeit-
ure — Acceptance of dues.

> Where a clerk joins a benefit association, which reserves the
> right by amendment to its by-laws to forfeit the insurance of any
> member engaged in an extra hazardous occupation; and, in his
> application for membership, he agreed that he would conform to
> and abide by the constitution, by-laws, rules and regulations of
> the association and of any council thereof of which he might at
> any time be a member, then in force or which at any time there-
> after might be adopted; and that, should he engage in any occu-
> pation which was to be deemed extra hazardous or *prima facie*
> hazardous by the board of directors or their successors, he should
> forfeit his membership together with all payments made by him;
> and, prior to the time when he changed his occupation to that of
> a switchman in a railroad yard, the board of directors of the
> association had regularly adopted and promulgated a list of extra
> hazardous occupations, including the occupation of a switchman,
> and such occupation continued to be an extra hazardous one under
> the by-laws and regulations of the association down to the time
> of the death of the member, who was killed while he was engaged
> in such an occupation, no recovery can be had upon his certificate
> of insurance.
>
> In the absence of proof that the association or its officers had
> knowledge or notice of the member's change of occupation, the
> acceptance of dues from him was not a waiver of the forfeiture of
> his membership.

ACTION upon a certificate of insurance in a fraternal bene-
fit association.

Thomas Watts, for plaintiff.

William P. Gregg, for defendant.

TOMPKINS, J.  This is an action by the plaintiff as the
heir at law of Peter E. Gienty, on an endowment voucher or

certificate of insurance, dated October 1, 1900, issued to Peter
E. Gienty by the defendant, for the sum of $1,000.   The
assured made application in writing, July 23, 1900, for in-
surance membership, in the defendant order, and was in-
itiated as a member on the 25th day of September, 1900.
His occupation, at the time he became a member and when he
made application for membership, was that of a clerk.

On the 24th day of November, 1902, he changed his occupa-
tion to that of a switchman, in the yard of the Erie Railroad
Company, at Port Jervis, N. Y., and was killed, while en-
gaged in that occupation, on the 24th day of October, 1903.

The endowment voucher was issued to the assured on the
1st day of October, 1900.

The defense is that the assured was not in good standing
at the time of his death, and had, *ipso facto,* forfeited his
membership by engaging in the occupation of a switchman,
which had been declared by the defendant's board of directors
to be an extra hazardous occupation, on or about the 26th day
of June, 1900, and before Gienty became a member, and
before he made application for membership.

In his application, the assured agreed as follows:   " If I
engage in any occupation which shall be deemed extra
hazardous or *prima facie* hazardous, by the board of directors
or their successors, I shall thereby forfeit my membership in
the order, together with all payments made by me."

On the trial it was conceded by the plaintiff that the
occupation of switchman is an extra hazardous one, and also
that the board of directors of the defendant company had
so declared, although the plaintiff claims that such action
was not taken until after the assured became a member, and
that the occupation of switchman was not stated in the ap-
plication blank as an extra hazardous one, while other occu-
pations were specifically stated.

In the view that I take of the law applicable to this case,
it is not material whether the employment of the assured as a
switchman was included in the extra hazardous class before
or after his application was made for membership, or before
or after he became a member.

The contract between the assured and the defendant rested

upon the application, the certificate of insurance, the charter, constitution, rules, regulations and by-laws of the defendant; and, in his application, the assured agreed as follows: " That I will conform to and abide by the constitution, by-laws, rules and regulations of the said order, and of any council thereof, of which I may at any time be a member, which may now be in force, or which at any time hereafter may be adopted by the proper authorities, or submit to the penalties now or hereafter provided, for the breach or violation of such constitution, by-laws, rules or regulations."

The defendant thereby reserved to itself the power to amend its by-laws and adopt new ones for the preservation of its funds and the protection of its insurance membership; and to that the assured agreed; and, in addition to that general reservation, the assured expressly agreed, in his written application for insurance, to forfeit his membership, if he should engage in any occupation, " which shall be deemed extra hazardous or *prima facie* hazardous by the board of directors or their successors."

In my opinion, that agreement on the part of the assured, together with the general reservation contained in the defendant's by-laws, gave the company power to determine what risks should be deemed extra hazardous; and it appears that, prior to November 24, 1902, when the assured entered upon his employment as a switchman, the board of directors had regularly adopted and promulgated a list of extra hazardous occupations, including the occupation of switchman, and that that occupation continued to be an extra hazardous one, under the by-laws and regulations of the defendant, down to the time of the death of Gienty.

Plaintiff cites the decision of the Court of Appeals, in the case of Ayres v. Ancient Order of United Workmen, 188 N. Y. 280, in support of his contention that the defendant had no right, by an amendment to its by-laws, to impair the vested rights of the assured; and the court, in that case, does hold that, when a power to amend by-laws is reserved in general terms, the parties do not mean that the contract is subject to change in any essential part at the election of the one in whose favor the reservation is made.

But, in that case, the reservation to amend the by-laws was general in character and did not specify any particular respect in which the by-laws might be amended; and the court held that, under those circumstances, the society had no power to so amend its by-laws as to prohibit any certificate holder from selling liquors at retail, and to declare the certificate of any one engaging in such business void. But the court, in that case, says: "The fact that, in the application upon which the certificate was issued, the assured agreed to comply with all laws, regulations and requirements of the society, which were then, or might thereafter be, enacted, there being no reservation in the by-laws of the specific right to amend them so as to restrict the occupation or business of the assured, did not permit an amendment in that respect without the consent of the assured, and the attempt made without his consent was beyond the power of the society, and void." Clearly intimating that, if the society had reserved the right to restrict its members to certain nonhazardous employments, and to forfeit the insurance of any member engaging in such occupation, it would have had the power so to do.

My conclusion is that the defendant had a right to include, in its list of extra hazardous occupations, that of switchman, and that the assured, by engaging in that occupation, *ipso facto,* forfeited his insurance membership in the defendant company.

The plaintiff claims that, if there was a forfeiture by the assured of his membership by reason of his extra hazardous employment, the company waived the forfeiture by accepting several months' dues and giving the assured receipts therefor. That might be so if the defendant, or its officers, had notice of Gienty's occupation or change of occupation and, after such notice received, accepted and receipted for his dues; but there is no evidence in the case that the defendant or its officers had any such knowledge or notice; and in the absence of knowledge the defendant cannot be said to have waived the forfeiture.

The defendant is entitled to judgment dismissing the complaint upon the merits, and for the costs of the action.