THE LIVINGSTON COUNTY AGRICULTURAL SOCIETY *et al.*

*v.*

JAMES A. HUNTER *et al.*

*Filed at Ottawa May 19, 1884.*

1. AGRICULTURAL SOCIETY—*reorganization—upon the joint stock plan —effect upon property rights, and the rights of creditors.* The constitution of an agricultural society declared that the object of the society should be "to improve the condition of agriculture, horticulture, and the mechanic and household arts," and provided for holding annual fairs. On a reorganization as a joint stock company, the new constitution then adopted declared the object of the society should be "to improve the condition of agriculture, horticulture, floriculture, mechanic and household arts," and also provided for holding annual fairs and exhibitions. The name was changed by substituting the word "board" in place of the word "society." The board, as reorganized, took possession of all the property of the old society: *Held*, that there was no essential change in the object of the society resulting from its reorganization, and that the new board was not a separate and independent society from the old one, but the same, under a slight change in name.

2. Upon the reorganization of a county fair society, under section 9, chapter 5, of the Revised Statutes of 1874, the corporation, as reorganized, will succeed to all the rights and liabilities of the society as they existed at the time of the change, and the old creditors of the same will have the same

right to sue the company under its new name and organization that they had to sue the company as originally organized.

3. Creditors of an agricultural society, whether their claims accrued before or after the reorganization of the institution, stand upon the same footing, and the only way by which one may gain an advantage over another is by the exercise of superior diligence in prosecuting his claim to judgment, and thereby obtaining a judgment or execution lien upon the company's property.

4. The reorganization of an agricultural society under the statute mentioned, on the stock plan, does not render the corporation one for private gain or profit, or change the public character of the institution. Its property still can only be applied to the payment of its debts, and to the promotion of the general objects of the association, as expressed in its constitution.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. C. C. STRAWN, for the appellants :

The old society, to all intents and purposes, was a public corporation, while the new one is purely private in its objects, having the pecuniary profit of its stockholders only in view.

It is well settled law that the title to the property of a corporation having stockholders, is held in trust by the corporation for the use of the stockholders, and upon dissolution of the corporation the title to the property vests in the stockholders, in equity. *Stevens* v. *Rutland R. R. Co.* 29 Vt. 549; *Taylor* v. *Chichester Ry. Co.* L. R. 2 Exch. 378; *Bacon* v. *Robertson*, 18 How. 480; *Lum* v. *Robertson*, 6 Wall. 277; *Frothingham* v. *Barney*, 13 N. Y. 366; *Matter of Woven Tape Skirt Co.* 15 id. 508; *Krebs* v. *Carlisle Bank*, 3 Wall. 33.

Changes may be made in the organic structure of a corporation, and the power of management of the company either enlarged or diminished, so long as the equitable lien of creditors upon the corporate funds is not impaired, and no material change is made in the nature of the security. Morawetz on Corporations, secs. 562–565, and cases there cited. *Bruffett* v. *Great Western R. R. Co.* 25 Ill. 553; *Manchester and London Life Ass. Co.* L. R. 9 Eq. 648.

It is also held that any change in the nature, objects and purposes of a corporation, that affects or impairs the security afforded creditors through the property and effects of such corporation, entitles such creditors to interfere by way of their equitable lien.   35 N. J. L. 324; *Wood* v. *Dummer*, 3 Mason, 305; *Bellows* v. *Hollowell and Augusta Bank*, 2 id. 31; *Wyman* v. *Hollowell and Augusta Bank*, 14 Mass. 58; *Bank of Port Gibson* v. *Moore*, 13 S. & M. 157; *Commercial Bank* v. *Lockwood*, 2 Harr. 17; *Curran* v. *State*, 15 How. 312; *Barings* v. *Dabney*, 19 Wall. 1.

It is further held, in our own State, that the capital stock of a corporation is a trust fund for creditors.    *Union Ins. Co.* v. *Frear Stone Manf. Co.* 97 Ill. 537.

Mr. E. F. BULL, and Mr. S. S. LAWRENCE, for the appellees :

The mere change of names does not and can not change things or their properties.   In the change of name and organization of a corporation, the liabilities and rights of property of the corporation in its old form accompany the corporation in its reorganization, and the old corporation is continued in existence as the same corporation, although different powers are possessed under the new charter.    *Town of Reading* v. *Wedder*, 66 Ill. 83; *Ross* v. *C., B. and Q. R. R. Co.* 77 id. 134; *City of Olney* v. *Harvey*, 50 id. 455; *President, etc.* v. *Kleinschnitz*, 28 id. 134; *Railroad Co.* v. *Moffit*, 75 id. 528; 4 Withrow's Corporation Cases, 186, 501.

All business relating to the legitimate objects of a corporation, by its charter, may be transacted by the directors, without the sanction of the members or stockholders.    *Wood* v. *Whelen*, 93 Ill. 165.

The law does not favor secret liens.    The law favors the diligent.    He who is first in time is first in right.    *Smith* v. *Lind*, 29 Ill. 20; *Lyon* v. *Robbins*, 46 id. 279; Freeman on Judgments, sec. 395.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The present appeal brings before us for review a decree of the Livingston county circuit court, rendered at its January term, 1884, dismissing a bill filed in the name of the Livingston County Agricultural Society and certain of its creditors, against James A. Hunter and others, whereby it is sought to enjoin the collection of a judgment in said Livingston circuit court in favor of Pierce & Newcomb, and against the Livingston County Agricultural Board, for $711.50, and costs of suit.

The material facts in the case, as shown by the proofs and pleadings, are, in substance, these: The "Livingston County Agricultural Society" was organized as a corporation at Pontiac, Livingston county, on the 18th day of April, 1857, under an act of the legislature then in force, with the usual powers, rights and privileges of corporations of that character. It continued to keep up its organization, and hold annual fairs, until and including the year 1877. In November of that year the company, under the provisions of section 9, chapter 5, of the Revised Statutes of 1874, changed its name to that of "Livingston County Agricultural Board," and reorganized as a joint stock company, but without any material change as to the purposes or objects of the organization. Before and at the time of the reorganization the company was the owner of what is now known as the "old fair grounds," with the improvements thereon, and was indebted to a number of persons, amounting, in the aggregate, to about $1000, for which the company's notes were then outstanding. After the reorganization the company purchased and improved new fair grounds, on which the annual fairs were thereafter held. In improving the new grounds the company became indebted to Pierce & Newcomb in the sum of $711.50, for which amount they recovered a judgment against the company, as already stated, and were proceeding to obtain satisfaction of

the judgment out of the old fair grounds, which had been stripped of all improvements, but still belonged to the company, when the present bill was filed to enjoin its collection.

The exact ground upon which appellants rely for maintaining the bill in this case is not very apparent.    Indeed, a careful examination of the original and amended bills, and the argument in the case, show that even counsel has had difficulty in settling upon any satisfactory theory with respect to it.    As corroborative of this statement, we give the position of counsel in his own language.    He says: "Appellants make two points on this record:    First, by the organization of the new board the constitution of the old society was essentially changed in its objects and purposes, or such new board was in fact separate and independent of the old society, and in either case the new board in no way succeeded to or took the property, effects or rights of the old society; and second, in any event, whether the new board was separate and independent of the old society, or succeeded to and took the property, rights and effects of the old society, the creditors of the old society had a lien, in equity, upon the assets of the old society, real and personal, for the payment of their claims; and the title to such assets passed to the new board, if at all, encumbered with such lien, and subject to the payment of the debts of the old society."

As already stated, we do not think there was any essential change in the objects or purposes of the corporation upon its reorganization, as is supposed by counsel.    By the first section of the original constitution of the society it is declared: "The object of the society shall be to improve the condition of agriculture, horticulture, the mechanic and household arts," and the tenth section provides for holding annual fairs.    By the first section of the new constitution, which was adopted at the time of the reorganization, it is declared: "This society shall be called the 'Livingston County Agricultural Board.'    Its objects shall be to improve the condition of

agriculture, horticulture, floriculture, mechanic and household arts," and then provides for holding annual fairs and exhibitions. It is thus apparent there is no foundation for the claim there has been an essential change in the objects of the society, resulting from its reorganization. And in our judgment, the alternative proposition or claim, that the new board is a separate and independent society from the old one, is as foundationless as the other. In the view we take of it, the present society or organization is practically the same as the former. The Livingston County Agricultural Board is but the reorganized Livingston County Agricultural Society, under a slight change of name. Upon such reorganization the former succeeded to all the rights and liabilities of the latter, and the old creditors of the concern, including the appellants, have the same right to sue the company under its new name and organization that they had before. Their remedies, at least in theory, are not at all affected by the change. So far as this record shows, they have a complete remedy at law, and we perceive no ground for resorting to a court of equity.

Counsel, apparently in doubt as to the soundness of either of the above positions, falls back, in the event they should prove not tenable, upon the second and last point relied on, which we regard as equally unsound. The claim is, conceding the newly organized company succeeded to all the rights and assets belonging to the old company before its reorganization, the creditors of the latter have a lien or preferred claim upon the assets to which the present company thus succeeded, for the payment of their debts, which lien or preferred claim may be enforced in the manner proposed in the present suit. As we understand it, creditors of the institution, whether their claims accrued before or after the reorganization, all stand upon precisely the same footing, and the only way for one to obtain an advantage over the others is by the exercise of superior diligence in the prosecution of

his claim to judgment, and thus secure a judgment or execution lien upon the company's property, as was done by Pierce & Newcomb. The fatal error in appellants' argument and theory of the case is in assuming that upon the reorganization of the company it became a corporation for private gain or profit. The stock plan upon which it is now organized does not at all change the public character of the institution. The property of the concern can only be applied to the payment of its debts and to the promotion of the general objects of the association, as expressed in its constitution, which are, as already seen, the same now as before the reorganization. The stock plan, as it is called, is but a different mode of regulating the question of membership, and determining the voice each member shall have in directing the affairs of the association. Under the old plan, any citizen of the county could become a member for one year by paying the sum of one dollar, and by paying a larger sum he became a life member. In the reorganization a certain number of shares was fixed by the constitution, which, of course, operated as a limitation upon the number of members of the association, and by the terms of the reorganization all yearly members were continued members of the concern till the expiration of the current year, and life members were continued members, as before, on the basis of two shares of stock for each membership. It will be thus seen the change of organization was entirely equitable and just to existing members, and equally so to creditors, for, as already seen, their right to proceed against the company, and subject its property to the payment of their debts, was not at all affected by the change in the organization. In any view of the case made by appellants, we are unable to perceive any merits in it.

The decree of the circuit court must therefore be affirmed.

*Decree affirmed.*