GEORGE E. ELLIOTT and JOHN I. ELLIOTT, v. THE HOME MUTUAL HAIL ASSOCIATION OF CHEROKEE, IOWA, Appellant.

Insurance: DEFENSES: WAIVER. Where an insurance association, upon receipt of proof of loss, denied all liability on the sole ground that the policy was delinquent, it could not after suit interpose the defense that the proofs and notice of loss were not in accordance with the contract.

Same: BY-LAWS: AMENDMENT: EFFECT. It is competent for a member of an insurance association to contract that he will be bound by by-laws or articles adopted subsequent to the issuance of the

certificate or policy of insurance; so that plaintiff in this action was bound by an amendment to a by-law adopted subsequent to his contract, providing that delinquency in payment of an assessment should relieve the association from liability on the certificate while such delinquency existed, notwithstanding the rule that the by-laws could not change the liability of the association.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

SATURDAY, MARCH 15, 1913.

ACTION on a certificate of membership in the defendant association resulted in judgment for damages, from which it appeals.—*Reversed.*

*J. D. F. Smith* and *McDonald & Olsen,* for appellant.

*Ranck & Bradley* and *S. K. Stevenson,* for appellees.

LADD, J.—The defendant is a mutual assessment association, and on May 24, 1909, issued to plaintiffs a certificate of membership insuring their crops raised on land described against loss or damage by hail for a term of five crop seasons. On August 20, 1910, their corn was injured by a hailstorm to the extent, as the evidence tended to show, found by the jury. The particular defenses interposed were (1) that the certificate was suspended at the time of the loss because of the nonpayment of an assessment; and (2) that notice and proofs of loss were not served as exacted by the contract.

I. The latter defense may be disposed of by saying that, upon receipt of notice and proofs of loss, the association denied liability, ''for the reason that your policy was delinquent,'' and made no objection because of

1. INSURANCE: defenses: waiver.          delay in furnishing such notice and proofs. Having elected to plant its defense on this ground alone, it will not be permitted, after costs and expense

have been incurred in prosecuting the action, to mend its hold
and set up others, even though at the outset these may have
been available.

II.   The main controversy is whether at the time of the
loss the certificate had become suspended because of the as-
sured's omission to pay an assessment of the year previous

within thirty days after the second notice of

2. SAME: by-
laws: amend-
ment: effect.

such assessment.   At the time the certificate
was issued, the only provision with reference
to delinquency was that "should any member fail to remit
as aforesaid the secretary shall send him a second notice
by registered letter adding a penalty of ten per cent., and,
should it become necessary to collect any member's assess-
ment by law, the member against whom suit is commenced
shall be liable for all costs and a reasonable attorney's fee."
This article was amended February 5, 1910, by insertion after
the words "ten per cent.," in the above excerpt, "the failure
of a member to pay his assessment within thirty days after
the second notice shall relieve the association of all liability
for loss or damages under said member's policy, while such
delinquent assessments are unpaid, but the member shall re-
main liable for all assessments which may be levied for his
share of losses and expenses incurred during such delin-
quency."   The seventh article of incorporation authorized
the adoption of amendments to by-laws, and provided that
"all members shall be liable to the corporation for their *pro
rata* share of all losses sustained by any member or members,
also for their *pro rata* share of all expenses and the expenses
of the management of the association; they shall also be
bound by and subject to the provisions of all duly enacted
by-laws as they are or hereafter may be changed or amended."
The fourth division of the answer set up the articles and
by-laws as recited, and alleged that the plaintiffs were duly
assessed to pay the association $47.50 in September, 1909, and
were notified thereof as exacted in the by-laws, but that they
omitted to pay the same, that suit was instituted March 4,

1910, and a defense interposed that their application for membership in the defendant association was procured by fraud, that they did not pay said association until October 12, 1910, and that because of this omission to pay for more than thirty days after the second notice of assessment, which payment continued delinquent at the time of the loss, the association was not liable for any damages to plaintiff's corn in consequence of hailstorm alleged in the petition. A demurrer to this division of the answer, on the ground that the contract of indemnity was not affected by the amendment to the by-laws, was sustained. The ruling was erroneous. The articles of incorporation and by-laws were by the terms of the certificate made a part thereof. But for the express stipulation contained in the seventh article, that all members ''shall be bound by and subject to the provisions of all duly enacted by-laws as they are or hereafter may be changed or amended,'' the ruling would have been correct. *Hobbs v. Iowa Ben. Ass'n,* 82 Iowa, 107; *Sieverts v. Ass'n,* 95 Iowa, 710; *Fort v. Iowa Legion of Honor,* 146 Iowa, 183; *Jordon v. Insurance Co.,* 151 Iowa, 73.

The authorities, however, are quite as conclusive that, where the assured agrees to be bound by amendments to the by-laws or articles subsequently adopted, he must take notice thereof, and is as effectually bound thereby as by those existing at the time of the issuance of the certificate or policy of insurance. *Ross v. Modern Brotherhood of America,* 120 Iowa, 692; *Norton v. Catholic Order of Foresters,* 138 Iowa, 464. In the first of these decisions the certificate provided that: ''The articles of incorporation, fundamental laws, by-laws, rules and regulations, . . . now in force or which may be hereafter adopted shall together constitute the exclusive contract between the parties.'' And a subsequent by-law, defining the meaning of "breaking of a leg," was held to be binding on the assured; the court saying that: ''We know of no reason why parties may not contract to be bound by future enactments, and that such enactments may enter into

and form a part of their contract." In the *Norton* case the certificate stipulated that it was issued and conditioned on compliance "with the laws, rules, and regulations now governing the order, or that may hereafter be enacted" by it, and the changing of the by-laws, so that engaging in the occupation of brakeman and switchman obviated liability, was held to be binding on the assured.

The circumstance that the stipulation was inserted in the certificate in the cited cases and in the case at bar is to be found in an article of incorporation, which is expressly made a part of the certificate, can make no difference. The assured in applying for and receiving the certificate of which such article formed a part agreed to be bound by any amendment to the by-law subsequently enacted, and, this being so, he is not in a situation to contend that such amendment did not form a part of his contract. Of course, subsequent enactments must be reasonable, and this court is committed to the doctrine that, even though the certificate be conditioned that the insured shall be bound by subsequent changes in the articles or by-laws, this does not contemplate changes directly affecting the promise to the certificate holder as an insured person *(Fort v. Iowa Legion of Honor, supra),* but has reference to those affecting his duties as a member of the corporation bound to perform his part in providing means or otherwise as one of the association of insurers. The subject is fully considered in *Reynolds v. Supreme Council Royal Arcanum,* 192 Mass. 150, where the court says that:

In many cases a distinction is made between the express stipulation of the corporation to pay a certain sum and other provisions relating to the methods of the corporation, and the duties of the certificate holders, which properly may be a subject for regulation by by-laws, even though they effect the rights of the parties under their contract. The assessments to be paid for death benefits in this case are provided for by the by-laws, while the promise in writing to pay a certain sum to a particular person is, as to that person, a matter outside of

those corporate rules which may be expected to be changed by an amendment of the by-laws. This promise on one side is set over against the promise of the member on the other. The promise of the member is to do what may be called for by the by-laws then existing, or that may afterwards be adopted. The promise of the corporation is stated expressly, without mention of the by-laws. The member occupies a dual position, as an insurer and the insured. As one of the association agreeing to provide for the payments that may become due to members, he agrees to be subject to the by-laws. As the insured person to whom a particular sum of money is promised, he has a right to stand on the terms of the promise.

As the amendments to defendant's by-law related to plaintiff's duty in the manner of furnishing means to carry on the business of the association, it was competent for defendant to adopt it, and thereby it became a condition of the contract of insurance. Nothing appears in *Farmer's Hail Ins. Ass'n v. Slattery,* 115 Iowa, 410, to the contrary. There the insured expressly agreed to be governed by the articles of incorporation and by-laws, and we held that as these formed a part of the contract, regardless of any such agreement, added nothing, and, further, that even though the articles empowered the directors to make by-laws, they would have had such power had this been omitted, and, in any event, the contract of insurance was entered into with reference to existing by-laws, and not those subsequently to be enacted, and therefore that an amendment thereafter adopted formed no part of such contract. This clearly appears from the following excerpt: "This does not prevent them from contracting with reference to these as they exist at the time the agreement is made. There is nothing in the policy indicating that articles other than those in force when it was issued were to govern the rights of the parties. Though the association might amend its by-laws, it was in reference to those in existence, and not to probable amendments, the promise of defendant had reference."

Our conclusion is that the amendment to the by-law

was binding on plaintiff, and that, as the loss occurred during his delinquency in omitting the payment of an assessment, the association was not liable for the loss.

Counsel for appellee suggest that the ruling on the demurrer was waived. It did not plead over, but proceeded to trial on the other issues, and, when judgment was entered against it, appealed. Nothing was left for it to do save to bide the consequences of the adverse ruling and in so doing it cannot be said to have waived the right to assign error thereon.—*Reversed.*