Susan A. Jones, Appellee, v. Loaleen Mutual Benefit Association, Appellant.

Opinion filed July 26, 1929.

SMITH & SMITH and HAL G. GALLIMORE, for appellant.

WHITE & QUINDRY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On May 25, 1926, the Loaleen Mutual Benefit Association issued a benefit certificate for $1,000 to appellee's husband 'in which she was named as the beneficiary. Insured died February 12, 1928, and this suit was brought to recover the insurance. A jury having been waived the court found the issues in favor of appellee and rendered judgment for $1,000.

Appellant contends that it is not liable because it never issued the certificate. The insurer was organized under section 29 of the General Corporation Act of 1872, Cahill's St. ch. 32, ¶ 159. In 1927 that statute was so amended that the insurer could only retain its corporate existence for six months after July 1, 1927, and for the sole purpose of winding up its business or reincorporating under some act, the enforcement of which comes within the jurisdiction of the Department of Trade and Commerce.

In 1927 the legislature passed another act for the incorporation of mutual benefit associations on the assessment plan, intended to benefit the widows, orphans, heirs and devisees of the deceased members, etc. Cahill's St. ch. 73, ¶ 435 (1). That statute author-

ized organization of such corporations but provided: "The maximum amounts of benefits it is intended to pay and which shall not be in excess of the following: For persons becoming members between the ages of one (1) and five (5) years, the sum of $200.00; for persons becoming members between the ages of six (6) and nine (9) years, the sum of $500.00; for persons becoming members between the ages of ten (10) and fifty-five (55) years, the sum of $1,000.00; for persons becoming members between the ages of fifty-six (56) and sixty-five (65) years, the sum of $800.00; and for persons becoming members between the ages of sixty-six (66) and seventy (70) years, the sum of $500.00." That provision is contained in section 2 of said act and pertains to the organization of a new corporation.

Section 15 of the same act, Cahill's St. ch. 73, ¶ 435 (15), provides that any existing domestic corporation transacting business under section 29 of the Corporation Act of 1872 may reincorporate under the new act of 1927 by filing a declaration with the Director of Trade and Commerce of its desire so to do. That section providing for reincorporation says nothing whatever about existing benefit certificates. No attempt is made by the legislature to disturb such certificates, nor is any authority granted to the insurer or the reincorporated corporation to reduce the liability of the insurer on existing benefit certificates.

On November 18, 1927, the directors of the insurer corporation filed their declaration, under section 15 of the act of 1927, with the Director of Trade and Commerce expressing their desire to reincorporate under its existing corporate name and a reincorporation was duly effected. Appellant is the reincorporated corporation.

The third paragraph of the declaration filed with the Director of Trade and Commerce for the purpose of reincorporation reads as follows: "3. All of the assets

of the existing corporation, herein referred to as the corporation, shall be transferred to the reincorporated association, herein referred to as the association, and the association shall assume all the liabilities of the corporation. Likewise all of the members of the association shall, *ipso facto,* become members of the association and the association shall issue to each of such members a certificate of membership, the purpose of the provisions of this section being to effect the continuation of the corporation in so far as is possible.'' The fourth paragraph contains the following provisions: ''The maximum amount of benefits to be paid under its certificates of membership are as follows: All persons becoming members between ages one (1) year inclusive, to five (5) years inclusive, shall be $200.00. Ages six (6) years to nine (9) years inclusive, shall be $500.00. All persons becoming members between the ages of ten (10) years and fifty (50) years inclusive, shall be $1,000.00 maximum. All persons becoming members between the ages of fifty-one (51) years and sixty-six (66) years inclusive, shall be $500.00 maximum. All persons becoming members between the ages of sixty-six (66) years and seventy (70) years inclusive, shall be $250.00 maximum.'' It is a well-settled rule of law that a statute should not be so construed as to give it retroactive effect unless it contains language clearly showing that the legislature intended that it should have such effect. It will be observed that the statutory limitation as to the amounts for which certificates may issue is confined to persons ''becoming members.'' There is no reference to existing insurance contracts. The same is true with reference to the amounts for which certificates may be issued under paragraph 4 of the declaration filed with the Director of Trade and Commerce.

Appellee's husband became a member and the certificate was issued to him long before the passage of

the act of 1927. He did not ''become a member'' after the new law became effective.

We are of the opinion that it would be doing violence to the intention of the legislature as expressed in the act of 1927 to hold that appellant was thereby authorized to reduce its liability on the existing insurance contract from $1,000 to $500. In the case at bar appellant contends that it is not liable at all on the certificate sued on; that its only liability in any event does not exceed $500 in accordance with paragraph 4 of the declaration aforesaid.

A company, taking advantage of a statute permitting a corporation organized under a former statute to re. incorporate under a statute superseding it, does not thereby become a new corporation; its identity is unchanged and its liabilities continue. 10 Cyc. 288. The mere reincorporation or amendment of the corporate charter will not affect the identity of the corporation, or relieve it from its previous liability. 15 A. L. R. 1132, note. The same general principle was recognized in *Livingston County Agricultural Society v. Hunter,* 110 Ill. 155; *Acorn Lumber Co. v. Friedlander Box Co.,* 240 Ill. App. 425; *Chicago Smelting & Refining Corp. v. Sullivan,* 246 Ill. App. 538.

In our opinion the legislature intended that if an existing corporation under the act of 1872 desired to reincorporate under the act of 1927 it might do so and, having reincorporated, its liability under existing insurance contracts should continue but that as to all new business the policies issued should be in accordance with the limited liability fixed by the act of 1927. Such a construction is more consonant with reason and justice than the one contended for by appellant. Appellant so construed the law in its declaration for reincorporation. It there declared that it took over all of the assets and that it assumed all the liabilities; that all of the members, *ipso facto,* became members of the reincorporated association. It now says that

the third paragraph of the.declaration was forced upon it by the Director of Trade and Commerce but we find nothing in the record to support that contention. So far as the record shows, the declaration was voluntarily made for the purpose of reincorporation.

The certificate sued on provides that upon satisfactory evidence of the death of the insured appellant will pay to appellee $1,000, but that if one full contribution amounts to less than $1,000 then it will only pay an amount equal to one dollar per member. The amount which was prima facie due on the certificate was $1,000. Appellant offered no evidence that one full assessment would not produce that amount. In the state of the record appellee was entitled to recover $1,000. *Metropolitan Safety Fund Accident Ass'n v. Windover,* 137 Ill. 417; *Covenant Mut. Life Ass'n v. Kentner,* 188 Ill. 431; *Maloney v. North American Union,* 177 Ill. App. 658.

In our opinion appellant has failed to point out any reversible error and the judgment will be affirmed.

*Affirmed.*