## J. L. Edwards et al., Appellees, v. American Mutual Benefit Association, Appellant.

Heard in this court at the October term, 1929. Opinion filed May 21, 1930.

LEON A. COLP and STONE & FOWLER, for appellant.

WILLIAM H. WARDER, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On June 1, 1922, the American Mutual Union issued a benefit certificate for $1,000 to Raleigh Edwards in which appellees were named as beneficiaries. Insured died October 16, 1927, and appellant paid appellees $420 on their claim. This suit was brought to recover the balance, a jury was waived and the court found the issues in favor of appellee and rendered judgment for $580.

Appellant contends that it is not liable because it never issued the certificate. The American Mutual Union was organized under section 29 of the General

Corporation Act of 1872, Cahill's St. ch. 32, ¶ 159. In 1927 that statute was so amended that the insurer could only retain its corporate existence for six months after July, 1927, and for the sole purpose of winding up its business or reincorporating under some act, the enforcement of which comes within the jurisdiction of the Department of Trade and Commerce.

In 1927 the legislature passed another act for the incorporation of mutual benefit associations on the assessment plan, intended to benefit the widows, orphans, heirs and devisees of deceased members, etc., Cahill's St. ch. 73, ¶ 435 (1). Section 15 of that act provides that any existing domestic corporation transacting business under section 29 of the Corporation Act of 1872, may reincorporate under the new act of 1927 by filing a declaration with the director of Trade and Commerce of its desire so to do.

The directors of the American Mutual Union filed their declaration, under section 15 of the act of 1927, with the director of Trade and Commerce expressing their desire to reincorporate under the name "American Mutual Benefit Association" and a reincorporation was duly effected on August 19, 1927. We decided the question involved in this case, against appellant's contention, in *Jones v. Loaleen Mutual Benefit Ass'n,* 255 Ill. App. 170, and our decision was affirmed by the Supreme Court in 337 Ill. 431. Appellant contends that the decision in the *Jones* case is not controlling because there was no evidence in that case that the third paragraph of the declaration for reincorporation was forced upon the association by the director of Trade and Commerce. There is no evidence in the record in this case that there was any force used by the director of Trade and Commerce. There is evidence to the effect that the director furnished the blank form of declaration for reincorporation and that the directors of the American Mutual Union used that form without objection. Even if objections had been

made the situation would remain the same. Whether appellant was forced to accept the charter of reincorporation, or whether it voluntarily accepted it, is of no consequence. It was accepted and appellant is the reincorporated corporation. In the *Jones* case, *supra,* we held that the mere reincorporation or amendment of a corporate charter will not affect the identity of a corporation nor relieve it from previous liability. There is nothing in the record in this case that would warrant us in reaching a different conclusion from that announced in the *Jones* case, *supra.* The judgment is affirmed.

<div align="right">

*Affirmed.*