## Laura Townsend, Appellant, v. Postal Benefit Association of Illinois, Appellee.

Opinion filed September 12, 1931.

WILLIAM A. MILLS, for appellant.

June C. Smith, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee is a reincorporation, under the Act of 1927, of an association of the same name organized under section 29 of the Corporations Act of 1872, and which, on January 5, 1927, issued two certificates of insurance to Naomi DuComb with appellant as the beneficiary. The insured was 70 years of age when the certificates were issued. By reason of the reincorporation appellee was liable on the insurance contracts. *Jones v. Loaleen Mut. Benefit Ass'n*, 255 Ill. App. 170. Appellee was of the opinion, however, that the Act of 1927 nullified all certificates of members who were then over 70 years of age. It undertook to get rid of such members and its liability on the certificates by turning them over to an Arizona Association. It advised the insured that this was necessary to keep her insurance contracts in force and that she should pay all assessments to that association after May 1, 1928, and sent her riders to be attached to the certificates by which the Arizona Association assumed the liability under the certificates, although that association was not licensed to transact business in Illinois.

At the urgent solicitation of the appellee, the insured paid all assessments from May 1, 1928 to August 8, 1928, the date of her death, to the Arizona Association. Appellant brought this suit on the certificates on April 8, 1929. A jury was waived and the court found the issues in favor of appellee and rendered judgment accordingly.

Appellee states in its brief and argument that whatever may have been the effect of what was done in its efforts to transfer its liability on these certificates to the Arizona Association, is not material as it is not claiming that a novation was effected. The original declaration filed on April 8, 1929, was in assumpsit and

was based upon the insurance certificates and the defendants named were C. G. Spurgeon, O. W. Capps and appellee. Spurgeon was the manager of appellee and Capps was the manager of the Arizona Association. The declaration averred that Spurgeon and Capps by means of false and fraudulent statements induced the insured to accept riders to the certificates whereby the Arizona Association purported to assume liability on the certificates. The averments were wholly insufficient to state a cause of action against Spurgeon and Capps in an action of assumpsit based on the certificates. On October 1, 1929, the suit was dismissed as to Spurgeon.

On the same day Capps defaulted and the transcript of the record contains the following recital: "Judgment in favor of plaintiff and against the defendant O. W. Capps for $744.00 and costs of suit." Appellee insists that this shows the entry of a judgment against Capps and that by reason thereof appellant cannot recover from appellee under *Gould v. Sternburg,* 69 Ill. 531, and similar cases. Where a jury found the issues in favor of the plaintiff and assessed his damages at a certain sum, a motion for a new trial was overruled, and the court made the following entry: "Whereupon the court enters judgment upon the verdict," it was held that the entry did not amount to a judgment. *Faulk v. Kellums,* 54 Ill. 188. Such an entry is not a judgment but was evidently intended as a guide to the clerk in making up his record at some subsequent time. *Metzger v. Morley,* 184 Ill. 81; *Metzger v. Wooldridge,* 183 Ill. 174. At that stage of the proceedings no final judgment could be rendered against Capps. *Russell v. Hogan,* 2 Ill. 552; *Frink v. Jones,* 5 Ill. 170; *Wight v. Meredith,* 5 Ill. 360.

So far as the record shows, in the case at bar, the entry of October 1, 1929, was never expanded and no judgment was actually rendered against O. W. Capps.

Later an amended declaration was filed by leave of court against appellee alone, and that amounted to a dismissal of the case against Capps. *Black v. Womer,* 100 Ill. 328; *Malleable Iron Range Co. v. Pusey,* 244 Ill. 184.

Appellee has a by-law which provides that no suit shall be instituted against it to recover benefits unless it is commenced within twelve months from the date of the death of the member. This suit was begun within the year but appellee insists that appellant did not attempt to state a cause of action against it until she filed her amended declaration on November 20, 1930 and that by reason thereof the limitation clause in the by-law is a bar to the suit. By her original declaration, appellant clearly sought to recover against appellee and others on the certificates, which were set out in full. The declaration was in assumpsit but the other defendants were not parties to the insurance contracts and no judgment could properly be rendered against them. Under section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, as amended in 1929, the court allowed appellant to file an amended declaration and she filed the same against appellee as the sole defendant. A change in a party to a suit does not, of itself, change the cause of action or ground of recovery, and unless a new cause of action is thereby injected into the declaration it is not subject to a plea of the statute of limitations. *Metropolitan Life Ins. Co. v. People,* 209 Ill. 42; *Beresh v. Supreme Lodge Knights of Honor,* 255 Ill. 122. We are of the opinion that under the said statute as amended and the cases cited, appellant is not barred by the limitation clause in the by-law.

Appellee insists that appellant was not entitled to recover because she failed to notify it of the death of the insured within 15 days after such death. Appellee induced the insured to pay all assessments to the Arizona Association from May 1, 1928, to the date of her

death. Appellant would naturally think that under the circumstances notice of the death should be sent to that association. Such a notice was sent. On February 20, 1929, appellee sent blank proofs of death to appellant's attorney and asked him to have them properly executed and returned. The attorney complied with that request. On March 5, 1929, appellee wrote the attorney stating that the proofs were received but were being returned because the insured was not a member of the association at the time of her death but made no objection because of delay in furnishing such notice and proofs. The statement that insured was not a member at the time of her death was equivalent to a denial of liability.

When appellee elected to place its defense on the ground that the insured was not a member at the time of her death it will not be permitted, after costs and expenses have been incurred in prosecuting the action, to mend its hold and set up other defenses, even though at the outset such other defenses may have been available. *Elliott v. Home Mut. Hail Ass'n of Cherokee,* 160 Iowa 105, 140 N. W. 431.

Before this suit was begun appellee wrote a letter to appellant stating that it was informed that she was about to begin a suit on the certificates; that the records of the association showed the insured was a certificate holder but that her certificates were nullified by the passage of a new law and that she was not a member of the association at the time of her death. That amounted to a denial of liability in any event for the reasons stated. Appellee now concedes that the certificates were not nullified by the passage of the new law. It also says that it is not now claiming that what it did in attempting to transfer its liability to the Arizona Association amounted to a novation. That being true it practically concedes that the insured was a member of the appellee association at the time of her death.

Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration. He is not permitted thus to amend his hold. He is estopped from doing it by a settled principle of law. *Gibson v. Brown,* 214 Ill. 330; *Schuyler County v. Missouri Bridge & Iron Co.,* 256 Ill. 348–353.

In our opinion appellee has no defense to the action and the court should have rendered judgment in favor of appellant. The judgment is reversed and judgment will be rendered here in favor of appellant and against appellee for $832.50, which sum includes interest after 180 days from the death of the insured.

*Judgment reversed and judgment entered here.*

"The clerk will insert in the judgment the following: 'The court finds that appellee is indebted to appellant in the sum of $832.50.' "