ANN GELLATLY *vs.* MINNESOTA ODD FELLOWS' MUTUAL BEN-
EFIT SOCIETY.

## September 30, 1880.

Life Insurance—By-law as to Proofs of Death.—This is an action upon a life-insurance certificate, issued by the defendant society. One of defendant's by-laws provided that " proof of death shall be made on blanks furnished by the society, with the seal of the lodge to which the member belongs, or of the nearest lodge to the deceased." *Held*, that upon defendant's refusal (on proper application) to furnish the blanks mentioned, proper proof of death might be made without such blanks, and in such case the proofs need not bear the lodge seal spoken of.

Evidence *held* sufficient to sustain the findings of the jury.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*E. C. Palmer* and *Chas. N. Bell*, for appellant.

*James Smith, Jr.,* and *W. T. Burr*, for respondent.

BERRY, J. The defendant is a mutual life-insurance society. This is an action upon a certificate of membership in

such association, issued to John T. Gellatly, by the terms of which the defendant agrees to pay to the plaintiff, if living, within 60 days after due notice and satisfactory evidence of the death of her husband, the said John, a sum equal to the amount sued for in this action. The certificate also contains a condition that if the said John shall fail to comply in all respects with the by-laws and regulations of the society, the certificate shall be void. John T. Gellatly died September 17, 1877.

1. It was objected upon the trial (which was by jury) that the plaintiff could not recover, because her husband had failed to comply with one of the defendant's by-laws with reference to the payment of an assessment. Whether he had so failed depended upon whether the defendant's secretary had notified him of the death claim which rendered such assessment necessary. For the defendant it was claimed that notice was given (as it properly might be under a by-law) by mail, and the defendant introduced evidence tending to sustain this claim. On the other hand, the plaintiff introduced evidence which, as it seems to us, tended legitimately to show that no such notice was ever mailed or received. Upon this point in the case we are of opinion that the testimony, though conflicting in its effect, was sufficient to support the finding of the jury that no notice was sent.

2. One of the defendant's by-laws provided that "proof of death shall be made on blanks furnished by the society, with the seal of the lodge to which the member belongs, or of the nearest lodge to the deceased." It appears that a person acting for Mrs. Gellatly applied to the defendant's secretary for blanks of the kind mentioned in the by-law, and that the secretary refused to let him have them. Presumably, and in the absence of some positive regulation to the contrary—of which we discover no evidence—the secretary would appear to be a proper person to whom to make such application, so that his refusal to furnish would be that of the society; and, in addition, it appears from the testimony of the secre-

tary himself, nowhere contradicted, that he had authority to furnish these blanks, upon receiving what he styles official notice of the death of a member of the association. The notice thus spoken of could not be the "proof of death," for the blanks in question were the blanks upon which that proof was to be made. It must be that any definite notice and knowledge of the death would authorize him to issue the blanks. That he had this notice and knowledge at the time when the blanks were applied for, and before, there is no doubt.

3. If the defendant refused to furnish the blanks—as the evidence shows beyond question—then the plaintiff certainly had a right to make proper proof of death without them, and this seems to have been done. And it was not necessary that such proofs should bear the lodge seal spoken of in the by-law, for it was only the blanks to be furnished by the society upon which such seal was required, and these were refused. As the evidence was in all respects sufficient to sustain the verdict of the jury, these conclusions virtually dispose of the case. Among other things, it follows from them that upon the concurring testimony on both sides as to the refusal to furnish the blanks, the instruction of the court as to the effect of a return of the proofs of death, made without pointing out any objection for want of a lodge seal, was, whether right or wrong, altogether unimportant.

Order affirmed.