## MENDEL ROSENSTEIN v. COURT OF HONOR.[1]

July 3, 1913.

Nos. 18,062—(168).

**Benefit insurance — proofs of death.**

1. The laws of a fraternal benefit association imposed upon officers thereof, and not upon the beneficiary, the duty to take the initial steps to procure proofs of death, and required such proofs to be upon blanks furnished by the association. The beneficiary applied to the officers for such blanks, which they failed to furnish, and he subsequently furnished a certificatee of death from the health department. *Held* that his right to sue is not barred by failure to file proofs in the prescribed form.

[1] Reported in 142 N. W. 331.

**Unreasonable by-law — notice of change.**

    2. The association issued a benefit certificate without any limitation in the contract as to the time in which suit thereon might be brought. The application therefor stated that by-laws then in force or thereafter adopted should be a part of the contract. A by-law subsequently adopted limited such time to one year after death of the insured. No notice was given of such by-laws and the year expired before the beneficiary had knowledge thereof. *Held* that such by-law was unreasonable and void as applied to such certificate.

Action in the district court for Ramsey county to recover $1,000 upon defendant's benefit certificate upon the life of plaintiff's mother. The substance of the defense is stated in the opinion. The case was tried before Hallam, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

    *William B. Risse* and *Spooner, Laybourn & Lucas,* for appellant.

    *A. J. Hertz* and *James E. Markham,* for respondent.

TAYLOR, C.

On June 9, 1899, appellant, a fraternal insurance association, issued a benefit certificate insuring the life of Sophie Rosenstein in which her children were designated as beneficiaries. Soon thereafter, for the purpose of changing the beneficiary, she surrendered the original certificate, and, on October 12, 1899, appellant, in lieu thereof, issued a certificate in which her husband was designated as beneficiary. For the purpose of again changing the beneficiary, she surrendered the certificate in favor of her husband, and, on June 22, 1909, appellant, in lieu thereof, issued the certificate now in controversy in which her son, the respondent, was designated as beneficiary.

Sophie Rosenstein died January 14, 1911. This suit was begun April 8, 1912. At the trial, appellant based its defense upon three grounds: (1) that the insured procured the insurance by falsely and fraudulently representing her age as less than fifty years; (2) that proofs of death were not furnished as required by the by-laws; (3) that the suit was not begun within the time limited by the by-laws.

In presenting its appeal to this court, appellant abandons the claim of fraudulent representations as to age, but contends that the suit is barred by failure to furnish proofs of death, and by failure to bring suit within one year from the date of death. These contentions are based upon the following by-laws:

"Sec. 161. Upon the death of a benefit member in good standing the chancellor and recorder of the district court of which deceased was a member shall be a committee to investigate and promptly report to the supreme recorder the circumstance, date and cause of death. Upon receipt of such report the supreme recorder shall forward to the recorder of the district court blank forms prescribed by the board of supreme directors to be executed by the proper persons to make proof of death and of the claimant's legal right to the benefit. All proofs must be executed in the form prescribed by the board of supreme directors and upon blanks furnished by the supreme recorder; but the fact that they are so executed on such forms shall in no case be construed as a waiver on the part of the society of forfeiture of benefits by the member from any cause, nor the right to demand further proof. After such death claim is properly executed and is passed upon and allowed by the board of supreme directors, the said board of supreme directors shall direct that a benefit fund warrant be drawn on the supreme treasurer in payment of such claim and made payable to the person or persons legally entitled thereto, conditioned on the surrender of the certificate, properly receipted, and the supreme chancellor shall see that said warrant is delivered to the person or persons entitled thereto. The supreme treasurer shall pay such warrant upon its presentation to him accompanied by the benefit certificate of the deceased, properly receipted by the beneficiaries thereunder.

"Sec. 163. Upon the death of a member, the society shall, within ninety days after receipt of satisfactory proof of the same, and the fulfilment of the conditions hereinbefore set forth, pay to the beneficiaries named in the benefit certificate of membership, the amount to which they are entitled according to the terms of such certificate and the Constitution of the society.

"Sec. 164. Upon the death of a member the chancellor and re-

corder of the district court to which the deceased belonged shall immediately officially inform the supreme recorder.

"Sec. 142. No action can or shall be maintained on any certificate of membership, heretofore or hereafter issued, until after satisfactory proofs of death and claimant's right to benefits, as provided for by the Constitution and by-laws of this society, have been filed with the supreme recorder and passed upon by the board of supreme directors, nor unless brought within one year from the date of the death of the member."

1. Respondent testified that he made repeated applications to the officers of the district court, as the local lodge is termed, for blanks upon which to make proofs of death, but that none were ever furnished him. This is not denied. He further testified that, after failing to obtain the necessary blanks from the local officers, he procured a certificate of proof of death from the health office of the city of Minneapolis, in which city the insured died, and forwarded that by mail to the supreme recorder.

The benefit certificates contain no provision as to furnishing proofs of death, nor as to the time in which suit shall be brought. Neither subject is mentioned therein.

The by-laws impose upon officers of the association, and not upon the claimant, the duty to take the initial steps to secure the proper proofs of death. Upon the death of a member, officers of the local lodge are required to investigate and officially inform the supreme recorder. Upon receipt of such report, the supreme recorder is required to forward to the recorder of the local lodge, "blank forms prescribed by the board of supreme directors to be executed by the proper persons to make proof of death." The proof is required to be made upon these blanks, but the association reserves the right to demand further proofs. The by-laws contain no provision as to the form of the proofs, nor as to the time in which they shall be filed, nor as to the persons by whom they shall be executed, nor as to the facts to be shown therein, except that they must be in the form prescribed by the supreme directors. The blank forms in evidence indicate that they are to be executed as follows: "Blank A" by a member of the local lodge; "blank B" by a person who can testify

.as to the age of the deceased; "blank C" by the attending physician; "blank D" by the claimant; and "blank E" by the chancellor and recorder of the local lodge. The by-laws contain no requirement that the claimant give notice of the death, nor that blanks for making proof be furnished him, nor that he cause such proofs to be executed ·or filed, except as this may be inferred from the provision that payment shall be made "within ninety days after receipt of satisfactory proof." The effect of section 142 will be referred to later.

The evidence discloses the bare fact that the supreme recorder forwarded blank forms of proof, presumably to the local recorder. Nothing more on the part of the association. The testimony of the ·claimant that he applied to the local recorder for the proper blanks and was unable to obtain them is undisputed. The officers of the .association, so far as the record shows, neither took any steps themselves to have the proofs prepared, nor gave the claimant any opportunity to do so. On April 15, 1910, the supreme recorder had notified the insured that her certificate was cancelled and the local ·officers directed to receive no further assessments from her. No reason was assigned for such action. This notice may indicate why the claimant failed to secure the blanks.

Upon the facts shown by the evidence, the contention of the appellant that the claim of the respondent is barred as a matter of law because he failed to furnish proofs in the prescribed form ·cannot be sustained. Kelly v. Ancient Order of Hibernians, 113 Minn. 355, 129 N. W. 846; Mueller v. Grand Grove U. A. O. D. 69 Minn. 236, 72 N. W. 48; Gellatly v. Odd Fellows Mut. Ben. Soc. 27 Minn. 215, 6 N. W. 627. In the cases cited by appellant, the ·duty to take the initiative was imposed upon the claimant.

2. It was conceded at the trial that when Sophia Rosenstein became a member of the association and received her benefit certificate, there was no by-law limiting the time in which suit could be brought upon such certificates. The only limitation upon the right to bring such suit, shown by the evidence, is contained in section 142 of the by-laws hereinbefore quoted. According to the evidence offered by appellant itself, this section became a part of the by-laws on August

1, 1910. There is no evidence that any such provision ever existed prior to that date.

The application signed by the insured contained a provision that the laws of the order, "now in force or hereafter enacted enter into and become a part of" the contract. Even though his contract contain this provision, it is well settled in this state that a member is not bound by a by-law subsequently adopted unless such by-law be reasonable as applied to such member. In Thibert v. Supreme Lodge K. of H. 78 Minn. 448, 81 N. W. 220, 47 L.R.A. 136, 79 Am. St. 412, the member was entitled to written notice of his assessments. If he failed to pay by the last day of each month he stood suspended. An amendment to the by-laws, made without notice to him, abolishing the requirement that written notice be given, was held unreasonable and void. In Tebo v. Supreme Council of Royal Arcanum, 89 Minn. 3, 93 N. W. 513, the member had the right to work as a freight brakeman under the rules in force when he joined the order. A by-law, subsequently adopted without notice to him, depriving him of that privilege was held unreasonable and void. In Olson v. Court of Honor, 100 Minn. 117, 110 N. W. 374, 8 L.R.A.(N.S.) 521, 117 Am. St. 676, 10 Ann. Cas. 622, the by-laws in force at the time of issuing the benefit certificate allowed a recovery in case of suicide while the insured was under treatment for insanity. A subsequent amendment modifying such liability was held unreasonable and void as to a member who committed suicide while under such treatment.

When the certificate in question was issued to Sophia Rosenstein, the only limitation upon the right to bring suit thereon was that contained in the general statutes. So far as the record discloses, appellant never gave any notice of the adoption or existence of the by-law upon which it now relies until it interposed its answer in this action, and neither the insured nor the beneficiary had any knowledge thereof prior thereto.

This by-law, if given the effect claimed for it by appellant, changed the terms of the previously existing contract of insurance so that the time in which a suit could be brought was shortened at least five years, and expired before the beneficiary knew that any such change had been made in his contract. Under the principle applied in the above

cases, this by-law is unreasonable and void so far as it purports to bar the right of action sought to be enforced herein.

Order affirmed.

HALLAM, J., took no part.